**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4103**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRELL ANTOINE CONRAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (CR-04-255)

Submitted:  February 28, 2006        Decided:  April 21, 2006

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Terrell Antoine Conrad pled guilty to one count of possession with intent to distribute seventeen grams of cocaine base ("crack"), in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(B) (West 1999 & Supp. 2005) (Count One), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The government filed an information pursuant to 21 U.S.C. § 851 (2000), seeking enhanced penalties based on Conrad's prior drug felony convictions. The district court sentenced Conrad to 120 months in prison. Conrad timely appealed. Conrad's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal but questioning whether Conrad's sentence violates the Sixth Amendment because it was enhanced based on facts that were neither admitted by Conrad nor proven beyond a reasonable doubt. Conrad was informed of his right to file a pro se supplemental brief, but failed to file one.[1] We affirm Conrad's conviction and sentence.

The district court sentenced Conrad under the mandatory federal sentencing guidelines and established a base offense level of twenty-eight. U.S. Sentencing Guidelines Manual § 2D1.1(c)(6) (2004). The court reached this offense level by finding that Conrad was responsible for 31.77 grams of crack. The court applied

---

[1]Conrad was granted two extensions of time to file a supplemental pro se brief but he failed to file one. We deny Conrad's pending motion for an additional extension of time to file a pro se supplemental brief.

a three-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(a) and (b), yielding a total offense level of twenty-five. Conrad's criminal history score category was V, resulting in a guideline range of 100 to 125 months in prison. USSG Ch. 5, Pt. A (Sentencing Table). The district court sentenced Conrad to 120 months in prison, the statutory minimum sentence based on Conrad's prior felony drug offense convictions. 18 U.S.C.A. §§ 841(b)(1)(B), 851.

Conrad argues that his sentence violates the Sixth Amendment because it was based in part on drug quantities that were neither admitted by Conrad nor proven beyond a reasonable doubt. Because Conrad preserved this issue by objecting at sentencing based upon Blakely v. Washington, 542 U.S. 296 (2004), our review is de novo. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

In United States v. Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts

found by the court by a preponderance of the evidence violated the Sixth Amendment.  543 U.S. 220 (2005).  Post-Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, it must state its reasons for doing so.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Excluding the drug quantities that Conrad did not admit and without the reduction Conrad received for acceptance of responsibility,[2] his offense level would have been twenty-six and, thus, his guideline range would have been 110 to 137 months of imprisonment.  USSG Ch. 5, Pt. A (Sentencing Table).  Because the 120-month sentence Conrad received is within that guideline range, we find no Sixth Amendment error.  Evans, 416 F.3d at 300-01.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Conrad's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

_____

[2]See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005).

- 4 -

representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>